**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC.,**<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>**NORTHLAND TELEVISION, LLC d/b/a WJFW-NBC,**<br><br>        **Defendant.** | **Civil No.:  20-cv-385** |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Northland Television, LLC d/b/a WJFW-NBC ("Northland Broadcasting" or "WJFW"), by its undersigned counsel, hereby files this Notice of Removal of the above-captioned action from the Circuit Court for Price County, Wisconsin, to the United States District Court for the Western District of Wisconsin, and in support of this Notice, avers as follows:

1.    On or about April 13, 2020, Donald J. Trump for President, Inc. ("Plaintiff") filed an action captioned *Donald J. Trump for President, Inc. v. Northland Television, LLC d/b/a WJFW-NBC* in the Circuit Court for Price County, Wisconsin, which was docketed as Case No. 2020CV000030. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2.    On April 15, 2020, Plaintiff served on CT Corp., WJFW's agent for service of process in Wisconsin, the Summons and Complaint.

3.      Pursuant to 28 U.S.C. § 1446(b), WJFW is timely filing this Notice of Removal within thirty (30) days of service of the Complaint upon it.

4.      Plaintiff's Complaint alleges a single claim of defamation against WJFW for its broadcast of a political advertisement regarding President Trump's response to the coronavirus pandemic. Plaintiff alleges that statements in the advertisement have caused "material harm" to its reputation and forced it "to expend substantial funds on corrective advertisements." Ex. A ("Compl.") ¶¶ 1, 54-56.

5.      Plaintiff seeks actual and punitive damages "in an amount to be determined at trial," as well as "[c]osts, disbursements, and attorneys' fees to the maximum amount allowed by law" and "such further relief as the Court deems just and equitable." *Id.* (wherefore clause).

6.      WJFW has not answered, moved, or otherwise responded to the Complaint.

7.      Copies of all process, pleadings, and orders that have been received by WJFW are filed herewith.

### The Parties

8.      Plaintiff is a Virginia corporation with its principal place of business in the State of New York. Compl. ¶ 4.

9.      Defendant Northland Broadcasting is a limited liability company. Its sole member is Rockfleet Broadcasting, L.P., a limited partnership with three partners: Rockfleet Broadcasting, Inc., R. Joseph Fuchs, and SDR-Rockfleet Holdings, LLC ("SDR").

10.     Rockfleet Broadcasting, Inc. is a Delaware corporation with its principal place of business in Florida. Mr. Fuchs is a U.S. citizen domiciled in Florida. SDR is a limited liability company with two individual members: Randall D. Smith, who is domiciled in Florida, and Mary Smith, who is domiciled in California. Both are U.S. citizens.

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

11.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(a) because there is complete diversity of citizenship among the parties and the amount in

controversy exceeds $75,000, exclusive of interest and costs. *See infra* ¶¶ 16-22.

<u>The Parties Are Completely Diverse</u>

12.     Limited liability companies and limited partnerships are citizens of all the states

of which their respective members or partners are citizens. *E.g.*, *Burress v. G & G Trucking,*

*LLC*, No. 19-791, 2019 U.S. Dist. LEXIS 180526, at *2 (W.D. Wis. Oct. 18, 2019) (citing

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)); *Meyerson v. Showboat Marina*

*Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*,

101 F.3d 57, 59 (7th Cir. 1996)).

13.     A corporation is a citizen of the state in which it is incorporated and of the state in

which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

14.     Natural persons can invoke diversity jurisdiction if they are citizens of the United

States and domiciled in a state. *E.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828

(1989). For purposes of jurisdiction, natural persons are considered citizens of their state of

domicile. *E.g.*, *Burress*, 2019 U.S. Dist. LEXIS 180526, at *2 (citing, *inter alia*, *Dakuras v.*

*Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)).

15.     Plaintiff is a citizen of Virginia and New York. Northland Broadcasting is a

citizen of Florida (the domicile of Mr. Fuchs and Mr. Smith, and the state where Rockfleet

Broadcasting, Inc. has its principal place of business), Delaware (where Rockfleet Broadcasting,

Inc. is incorporated), and California (the domicile of Ms. Smith). Accordingly, there is complete

diversity of citizenship between the parties.

## The Amount-in-Controversy Requirement is Satisfied

16.     Consistent with Wis. Stat. § 802.02(1m), Plaintiff has not stated in its Complaint the specific amount of monetary damages it seeks. *See, e.g.*, *Peddie v. Sterling Jewelers, Inc.*, 282 F. Supp. 2d 947, 949 (E.D. Wis. 2003) ("With respect to the amount in controversy, under Wis. Stat. § 802.02(1m), a plaintiff in a tort case is not permitted to specify in the complaint the amount of damages sought.").

17.     It is clear here, however, that the amount in controversy exceeds $75,000, based on Plaintiff's allegations of reputational harm, its claims for both actual and punitive damages, and its factual assertions about its ongoing financial injury. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum.").[1]

18.     According to the Complaint, the advertisement aired by WJFW "has harmed and will harm the reputation of the Trump Campaign and has deterred and will deter third persons from associating or dealing with the Trump Campaign, including causing them not to vote for its candidate for reelection." Compl. ¶ 54.

19.     Plaintiff claims that because the advertisement has allegedly "lower[ed] it in the estimation of the public," it "has [been] forced, and will continue to [be] force[d], . . . to expend <u>substantial funds</u> on corrective advertisements." *Id.* ¶¶ 55-56 (emphasis added). The Complaint does not say where these corrective advertisements have appeared or will appear. But read "plausibly," *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008), the Complaint claims

---

[1] Since December 2014, when the Supreme Court issued its opinion in *Dart Cherokee Basin Operating Co., LLC v. Owens*, "a defendant's notice of removal need include only a <u>plausible allegation</u> that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. 81, 89 (2014) (emphasis added).

damages for the costs Plaintiff incurred in conceiving these advertisements, having them produced, and airing or publishing them.

20.     The Complaint also seeks punitive damages on the ground that WJFW allegedly "acted with malice or reckless disregard for the Trump Campaign's rights." Compl. ¶ 75. *See, e.g.*, *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012) (case was properly removed because plaintiff "sought punitive damages in her complaint, and even a modest punitive-to-compensatory damages ratio of two or three to one could have led to an award in excess of $75,000").[2]

21.     In addition, Plaintiff has recently initiated three defamation lawsuits against other media entities, two in the federal courts in Washington, D.C. and Atlanta and one in the state court in New York. *See* Ex. B. In all three cases, Plaintiff has similarly pleaded that the alleged defamation has forced it to expend funds on "corrective advertisements." *Id.* at 6, 15, 25. And in all three cases, Plaintiff alleges compensatory damages "in the millions of dollars" (in addition to its punitive and presumed damages). *Id.* at 8, 11, 15, 16, 20, 25, 27. Those allegations control here. *See, e.g.*, *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (concluding that defendants "easily met" their burden on removal "by showing that many of the same plaintiffs in this action pled damages of up to $5,000,000 in other forums for the same injuries."); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 & n.103 (S.D.N.Y. 2001) (same).

22.     Given the actual and punitive damages Plaintiff alleges it has sustained, and its allegations in similar litigation, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

---

[2] Wisconsin law permits recovery of punitive damages under certain circumstances. Wis. Stat. § 895.043(3) (2017-18).

**Procedural Requirements for Removal**

23.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Wisconsin is the proper venue for removal jurisdiction because it embraces Price County, Wisconsin, the place where this action is pending.

24.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being forwarded to counsel of record for Plaintiff, as well as to the Clerk of the Circuit Court of Price County, Wisconsin. A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit C.

25.     By filing this Notice of Removal, WJFW does not waive any defenses that may be available to it.

WHEREFORE, WJFW respectfully requests that the entire court action under case number 2020CV000030 in the Circuit Court for Price County, Wisconsin, be removed to the United States District Court for the Western District of Wisconsin for all further proceedings.

Dated: April 27, 2020

BALLARD SPAHR LLP

Charles D. Tobin
(*pro hac vice* application forthcoming)
Al-Amyn Sumar
(*pro hac vice* application forthcoming)
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Phone: (202) 661-2218
Fax:    (202) 661-2299
tobinc@ballardspahr.com
sumara@ballardspahr.com

Ashley I. Kissinger
(*pro hac vice* application forthcoming)
1225 17th Street, Suite 2300
Denver, CO  80202
Phone: (303) 376-2407
Fax:    (303) 296-3956
kissingera@ballardspahr.com

Respectfully submitted,

GODFREY & KAHN S.C.

*s/ Brady C. Williamson*
Brady C. Williamson
Mike B. Wittenwyler
bwilliam@gklaw.com
mwittenwyler@gklaw.com
One East Main Street, Suite 500
Madison, WI 53703-3300
Phone: (608) 257-3911
Fax:    (608) 257-0609

*Counsel for Defendant Northland Television, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of April, 2020, I electronically filed the foregoing

Notice of Removal with the Clerk of Court using the CM/ECF system, and provided copies via

electronic mail and U.S. mail to the following counsel of record:

> Eric M. McLeod
> Lane E. Ruhland
> Husch Blackwell LLP
> P.O. Box 1379
> 33 East Main Street, Suite 300
> Madison, WI 53701-1379
> eric.mcleod@huschblackwell.com
> lane.ruhland@huschblackwell.com
>
> Lisa M. Lawless
> Husch Blackwell LLP
> 555 East Wells Street, Suite 1900
> Milwaukee, WI 53202-3819
> lisa.lawless@huschblackwell.com
>
> *Counsel for Plaintiff Donald J. Trump for President, Inc.*

> *s/ Brady C. Williamson*
> Brady C. Williamson

22233416.