**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC.,**<br><br>        **Plaintiff,**<br><br>  **vs.**<br><br>**NORTHLAND TELEVISION, LLC d/b/a WJFW-NBC ,**<br><br>        **Defendant.** | **Civil No.:  3-20-cv-00385-wmc** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY
<u>MOTION TO STAY PROCEEDINGS</u>**

Defendant Northland Television, LLC d/b/a WJFW-NBC ("WJFW"), by its undersigned counsel, hereby files this Opposition to the Emergency Motion to Stay Proceedings (the "Stay Mot."), Dkt. 17, filed by Plaintiff Donald J. Trump for President, Inc. (the "Trump Campaign Committee" or "Committee").

The Trump Campaign Committee chose to bring this litigation in a Wisconsin circuit court without adequately investigating its jurisdictional footing to remain there.  Having hastily chosen its forum – and now facing a Rule 12 motion to dismiss its lawsuit – the Committee wants to drag its feet in this Court.  The Committee makes no cogent argument, however, to delay its responsive briefing on WJFW's timely motion to dismiss or to postpone the June 11, 2020 telephonic hearing before Magistrate Judge Crocker.  These tasks, which are routine in the course of any litigation, pose no undue burden on the Committee.

Imposing a stay at this juncture would delay the ultimate resolution of this matter, which squarely raises First Amendment issues and directly implicates the public's right to receive information about the upcoming presidential election.  A stay also would further perpetuate the chill of this litigation on the constitutional rights of broadcasters, political candidates and their supporters.  The prejudice of a delay to everyone with a vested interest in these proceedings far outweighs any concerns the Committee has with proceeding under the timeframe required by the Court's rules, regardless of whether this case is ultimately decided in federal or state court.

WJFW opposes any delay in the prompt resolution of this case.  We therefore request that the Court deny the motion to stay.

## **BACKGROUND**

The Committee's defamation lawsuit takes aim at WJFW, a small broadcaster in Rhinelander, for airing an advertisement containing core political speech.  The 30-second spot, clearly labeled as a paid political ad and broadcast in the run-up to the recent Wisconsin primaries, sharply criticized President Trump's response to the coronavirus pandemic.  *See* Compl., Dkt. 1-2.  The advertisement never mentioned the Committee, yet the Committee claims it was defamed by the President's own words, broadcast in his own voice: "this is their new hoax."  *Id.* ¶ 25.

The Committee brought suit on April 13, 2020, less than one week after the April 7 Wisconsin primary, and served the Complaint on April 15.  *See* Notice of Removal ¶¶ 1-2, Dkt. 1; Compl.  Given the affront to public discourse that this lawsuit represents, instead of waiting the full 30 days provided under the removal statute, WJFW removed the action to this Court just 12 days after service, on April 27, 2020, and filed its Rule 12(b)(6) motion on May 6.  Def.'s

Mot. to Dismiss, Dkt. 8.  As WJFW argues in its motion papers, the Committee's suit is barred by both the U.S. Constitution and Wisconsin law for several independent reasons: (i) the advertisement was not "of and concerning" the President's campaign organization and also not defamatory of it; (ii) judged in its entire context, the ad reflects a subjective opinion about the President's policies, which is nonactionable under both the First Amendment and Wisconsin law; (iii) the ad's portrayal of the President's statements was substantially true; and (iv) the Committee did not and could not plausibly allege that WJFW published the advertisement with "actual malice."  *See generally* Mem. in Supp. of Def.'s Mot. to Dismiss ("WJFW Br."), Dkt. 9.

At 1:20 a.m. on May 7, 2020, hours after WJFW filed its motion to dismiss, the Committee filed a motion to remand this case to state court on the basis that the parties are not completely diverse.  *See* Mot. to Remand, Dkt. 13.  Erroneously relying on selectively compiled information from the public domain – including Wikipedia – the Committee challenges the citizenship of two indirect members of WJFW.  *See* Br. in Supp. of Mot. to Remand, Dkt. 14.  WJFW's response to that motion is due on or before May 28, 2020 and the Committee's reply on June 8, 2020.

The Committee now seeks to stay all proceedings on WJFW's 12(b)(6) motion, including its May 27, 2020 deadline to respond to the motion and an adjournment of the pretrial conference scheduled for June 11, 2020, until its motion to remand is resolved.  Stay Mot.[1]

To recap for the Court, the current briefing deadlines on WJFW and the Committee's motions and upcoming hearing date, at present, are:

---

[1] On May 12, 2020, after Super PAC Priorities USA Action moved to intervene in this case, the Committee moved to stay proceedings "on all other pending motions in this action."  Addendum to Emerg. Mot. to Stay, Dkt. 29.

May 27, 2020: Committee's opposition to WJFW's 12(b)(6) motion due;

May 28, 2020: WJFW's opposition to Committee's motion to remand due;

June 8, 2020: Replies in support of 12(b)(6) and remand motions due;

June 11, 2020: Telephone pretrial conference before Magistrate Judge Crocker.

## ARGUMENT

The Committee's motion nowhere explains the appropriate standards governing its stay request.  Whether to grant a stay of proceedings is a discretionary matter within the court's "inherent power."  *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010); *see, e.g.*, *HY Cite Corp. v. Regal Ware, Inc.*, 2010 U.S. Dist. LEXIS 49243, at *2 (W.D. Wis. May 19, 2010) ("A stay is not a matter of right, even if irreparable injury might otherwise result." (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal marks omitted))). In considering whether to grant a stay, the Court "balance[s] interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner."  *Hogen v. Prof'l Serv. Bureau, Inc.*, 2017 U.S. Dist. LEXIS 33677, at *2 (W.D. Wis. Mar. 9, 2019) (quoting *Grice Eng'g*, 691 F. Supp. 2d at 920).  Courts conduct this balancing with reference to four factors:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Flack v. Wis. Dep't of Health Servs.*, 2019 U.S. Dist. LEXIS 83523, at *2 (W.D. Wis. May 17, 2019) (quoting *Grice Eng'g*, 691 F. Supp. 2d at 920).  Courts are also broadly guided by the directive in Federal Rule 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding."  *See HY Cite*, 2010 U.S. Dist. LEXIS 49243, at *2 (finding that

4

imposing stay would be "dereliction" of court's "duty to the parties in suit to decide issues properly before it in a timely manner") (citing Fed. R. Civ. P. 1). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," *Nken*, 556 U.S. at 433-34, and "[t]he filing of a motion to remand by itself is not enough for a stay," *Doe v. Newman*, 2018 U.S. Dist. LEXIS 163355, at *3 (W.D. Mo. Sept. 24, 2018); *see also Grice Eng'g*, 691 F. Supp. 2d at 920 (concluding that defendants failed to show circumstances "exceptional enough" to justify stay).

The relevant factors do not weigh in favor of a stay in this case. *First*, the proceedings that the Committee seeks to stay – those on WJFW's pending Rule 12(b)(6) motion – are not at an early stage. *See* Stay Mot. at 1 (seeking to "stay proceedings on the motion to dismiss"). The Committee sought an "emergency" stay of proceedings five days after WJFW filed and briefed its motion to dismiss, and two weeks after WJFW removed this case and put the Committee on notice of the grounds for the Court's subject matter jurisdiction. The circumstances and timing of the Committee's filings hardly constitute an "emergency"; to the contrary, the urgency is for a court to resolve this censorial lawsuit as rapidly as possible.

*Second*, a stay would unduly prejudice and disadvantage WJFW. The delay the Trump Campaign Committee seeks will prejudice WJFW, other broadcasters, political candidates and the electorate through the protracted effect speech-chilling litigation like this has on public discourse. As WJFW pointed out in moving to dismiss this case, this lawsuit is one of four that the Committee has filed against newspapers and broadcasters in just three months. *See* WJFW Br. at 1 & n.1. Every day the Committee's concerted campaign to silence opponents of the President's re-election continues constitutes an intolerable, ongoing First Amendment injury to

5

the litigants and everyone else.  *See, e.g.*, *Torgerson v. Journal/Sentinel Inc.*, 563 N.W.2d 472, 479 (Wis. 1997) (noting "the potential 'chilling effect' on free speech and the press that might result from lengthy and expensive litigation") (citations and internal marks omitted); *Grzelak v. Calumet Publ'g Co.*, 543 F.2d 579, 582 (7th Cir. 1975) (observing "the 'chilling effect' that libel suits invariably have on the exercise of First Amendment rights by publishers") (citation omitted); *see also Bank of Colo. v. Wibaux 1, LLC*, 2018 U.S. Dist. LEXIS 94482, at *12 (D. Colo. June 4, 2018) (denying request to stay briefing on summary judgment motion given "strong interest held by the public in general regarding the prompt and efficient handling of all litigation") (citation and internal marks omitted).

The clear aim of the Committee's request to stay these proceedings, which WJFW endeavors to bring to an end at the earliest opportunity, is to avoid its obligation to provide a timely response to WJFW's Rule 12(b)(6) motion.  Needless to say, that is not a proper basis for the exceptional relief of a stay of proceedings.  *See id.* at *11 (noting that briefing schedule posed no "undue burden" on defendants because "investing time to respond to a motion is an ordinary burden of litigating a case"); *Ereth v. GMRI, Inc.*, 2017 U.S. Dist. LEXIS 203072, at *8 (W.D. Mo. Dec. 11, 2017) (rejecting request to stay proceedings pending motion to remand, as "the parties should not delay proceedings while motions are pending before it" and plaintiff sought to use stay "as an excuse to not comply with" court orders and deadlines).

The *third* and *fourth* factors also weigh against a stay of proceedings on WJFW's motion to dismiss.  Awaiting resolution of the remand motion would not "simplify the issues" before the Court on the dismissal motion.  The legal issues presented by the parties' motions do not intersect – the ruling on whether this Court has jurisdiction, presented in the motion to remand,

will not change First Amendment or Wisconsin defamation law, the undisputed facts, or the Court's application of the law to the facts in deciding the motion to dismiss.  Indeed, for this precise reason, courts frequently resolve fully briefed jurisdictional and merits motions at the same time.  *See, e.g.*, *Kamtel, Inc. v. Bore Tech Constr., LLC*, 2017 U.S. Dist. LEXIS 18407, at *25 (W.D. Wis. Feb. 9, 2017) (denying motions to dismiss under Rules 12(b)(1), (2), (3) and (6)); *see also Valdez v. Metro. Prop. & Cas. Ins. Co.*, 2012 WL 1132408, *1 (D.N.M. Mar. 21, 2012) (declining to stay briefing on previously filed dismissal and summary judgment motions pending resolution of motion to remand, given that "the Court committed to deciding the Motion to Remand" before the merits motions and there was otherwise "no sound reason for the Plaintiffs to delay briefing").

For similar reasons, a stay would not "reduce the burden of litigation on the parties and on the court."  The motion to dismiss will require the completion of briefing regardless of the court that decides the issue.[2]  *See, e.g.*, *Doe*, 2018 U.S. Dist. LEXIS 163355, at *4 (finding that plaintiff would not suffer "substantial hardship" from denial of stay of briefing pending motion to remand because "[e]ven if the Court were to grant the motion to remand, Defendants could still continue to press their dismissal theory in state court"); *Childress v. Experian Info. Servs. Inc.*, 2014 U.S. Dist. LEXIS 48893, at *4 (S.D. Ind. Apr. 9, 2014) (denying request to stay briefing on summary judgment motion because "[p]arties frequently work on several motions simultaneously").  Moreover, as noted above, having both motions fully briefed under the

---

[2] The automatic stay imposed on discovery in this Court, upon the filing of a motion to dismiss in advance of a pretrial conference, already means that this case is unlikely to proceed further until both the parties' motions are resolved.  *See* Standing Order Governing Preliminary Pretrial Conferences, https://www.wiwd.uscourts.gov/sites/default/files/Standing_Order_Pretrial_ SLC.pdf.

Court's normal schedule would permit it to decide both motions at the same time and efficiently resolve all pending issues.[3]  Indeed, the June 11, 2020 pretrial conference would provide Magistrate Judge Crocker with an opportunity, shortly after the motion to remand is fully briefed, to address the motion to remand and the Court's jurisdiction.  The question of jurisdiction should certainly precede the merits, *see, e.g.*, *Larchmont Holdings, LLC v. N. Shore Holdings, LLC*, 2017 U.S. Dist. LEXIS 6637, at *1 (W.D. Wis. Jan. 18, 2017) (denying 12(b)(1) motion), but not at the cost of delaying the resolution of this litigation, *see, e.g.*, *Wibaux 1*, 2018 U.S. Dist. LEXIS 94482, at *12 ("[A]ny delay in prosecuting a case makes [the court's] docket less predictable and, hence, less manageable.") (citation and internal marks omitted); *Doe*, 2018 U.S. Dist. LEXIS 163355, at *4 (noting that "staying briefing on the motion to dismiss could push other deadlines in the case forward unnecessarily").

## CONCLUSION

For all of the foregoing reasons, WJFW respectfully requests that the Court deny the Committee's emergency motion to stay proceedings on WJFW's motion to dismiss and to

---

[3] Contrary to the Committee's argument (*see* Stay Mot. at 4), the issues raised in WJFW's motion to dismiss are all properly before the Court on WJFW's Rule 12(b)(6) motion. Consistent with common practice in this district, WJFW asks the Court to consider the Complaint, information it references and incorporates, and matters that the Court may judicially notice.  *See* WJFW Br. at 3 n.2 (citing *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997); *Garross v. Medtronic, Inc.*, 77 F. Supp. 3d 809, 818 (E.D. Wis. 2015)); 4 n.3 (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690-91 (7th Cir. 2012)); 6 n.5 (citing *Bardney v. United States*, 1998 U.S. App. LEXIS 13036, at *14 (7th Cir. June 16, 1998); *In re Copper Mkt. Antitrust Litig.*, 2003 U.S. Dist. LEXIS 21467, at *3 (W.D. Wis. Aug. 19, 2003); *Farah v. Esquire Magazine*, 736 F.3d 528, 534, 537, 538 (D.C. Cir. 2013); *Arpaio v. Cottle*, 404 F. Supp. 3d 80, 85 (D.D.C. 2019); *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 88 n.1, 93 (D.D.C. 2018)).

postpone the June 11 pretrial conference.  Indeed, that conference needs to go forward to

establish the roadmap for resolution of this litigation.

Dated:  May 14, 2020

BALLARD SPAHR LLP

Charles D. Tobin
(admitted *pro hac vice*)
Al-Amyn Sumar
(admitted *pro hac vice*)
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Phone: (202) 661-2218
Fax:    (202) 661-2299
tobinc@ballardspahr.com
sumara@ballardspahr.com

Ashley I. Kissinger
(admitted *pro hac vice*)
1225 17th Street, Suite 2300
Denver, CO  80202
Phone: (303) 376-2407
Fax:    (303) 296-3956
kissingera@ballardspahr.com

Respectfully submitted,

GODFREY & KAHN S.C.

*s/ Brady Williamson*
Brady C. Williamson
Mike B. Wittenwyler
bwilliam@gklaw.com
mwittenwyler@gklaw.com
One East Main Street, Suite 500
Madison, WI 53703-3300
Phone: (608) 257-3911
Fax:    (608) 257-0609

*Counsel for Defendant Northland Television, LLC
d/b/a WJFW-NBC*

9