## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP FOR PRESIDENT,
INC.,

      Plaintiff,

  v.

NORTHLAND TELEVISION, LLC, d/b/a
WJFW-NBC,

      Defendant.

Case No. 20-cv-00385-WMC

## REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PROCEEDINGS

For the reasons stated in the Emergency Motion to Stay (Doc.17), proceedings in this action should be stayed pending the Court's determination of plaintiff's Motion to Remand to state court. Defendant, Northland Television, LLC, d/b/a WJFW-NBC ("defendant"), opposes the stay motion, asserting that plaintiff "wants to drag its feet in this Court" (Doc.32: 1), but it fails to offer a single shred of evidence to support its allegations of diversity jurisdiction. In fact, other than its own unsupported assertions concerning the domicile of its various principals, defendant has provided this Court with no admissible evidence to support jurisdiction. If, as it claims, defendant seeks to avoid delay, it is curious that defendant has not simply provided the evidence necessary to establish jurisdiction. Rather than criticizing plaintiff for "[e]rroneously relying on selectively compiled information from the public domain" (Doc.32: 3), defendant could simply provide the Court with information only it has access to at this stage of the proceedings.

Instead of simply tackling the issue of diversity through the submission of concrete evidence, defendant argues that a stay would be prejudicial and, absurdly, that this case is not at an early stage. However, defendant ignores the controlling authorities holding that jurisdiction

must be decided as a threshold matter.  (Doc.17: 2).  Ignoring these authorities, and without providing any evidence supporting subject matter jurisdiction, defendant offers inapposite cases involving stay motions outside the jurisdiction context.  Defendant also misunderstands or misstates the facts and rulings of cases that actually support the Motion to Stay in this case.  For example, defendant cites cases to argue that courts "frequently resolve fully briefed jurisdictional and merits motions at the same time."  (Doc.32:7).  In fact, the cited cases did not determine "fully briefed" jurisdictional and merits motions at the same time, suggesting that, at best, defendant did not read the cases before citing them or, at worst, it disregarded their facts and holdings to misstate the courts' rulings.

The Motion to Stay was not filed, as defendant baselessly asserts, to "avoid [plaintiff's] obligation to provide a timely response" to defendant's dismissal motion.  (Doc.32: 6).  Plaintiff promptly filed its motions in this case and it will proceed to litigate this case expeditiously, including defendant's motion, in the proper forum once the Court's subject matter jurisdiction is determined.  Until that time, the Court may not exercise jurisdiction over the substance of this case.

The Court should grant plaintiff's Motion to Stay and stay briefing of other matters until after the Court rules upon the Motion to Remand.

## **ARGUMENT**

I.    **Subject Matter Jurisdiction Must Be Determined First And Defendant Has The Burden Of Providing Evidence To Establish Diversity of Citizenship.**

After this action was removed on April 27, plaintiff reviewed the allegations of defendant's Notice of Removal and determined upon investigation and research that there is significant evidence showing that there is not complete diversity of citizenship.  After compiling that evidence and preparing its remand papers, plaintiff promptly filed the Motion to Remand on

2

May 7, 2020.  (Doc.13); (Doc.14); (Doc.15).  Thereafter, plaintiff filed a Motion to Stay pending resolution of substantial questions regarding this Court's subject matter jurisdiction.  The Motion to Remand was timely filed and the Motion to Stay was properly filed to ensure jurisdiction is decided before this case proceeds on other matters.  Contrary to defendant's argument, those motions were not filed to postpone the adjudication of plaintiff's claims.  Plaintiff looks forward to having its claims adjudicated, having filed this action on April 13, within weeks of the first airing of the advertisement.

Where a challenge to subject matter jurisdiction has been filed, the Court does not have the "discretion[]" to press forward in the case without first determining its jurisdiction.  (Doc.32: 4).  In its opposition to the stay motion, defendant avoids the crucial principle that subject matter jurisdiction must be determined first by the Court.  (Doc.14: 2).  It is "axiomatic" that the Court may exercise jurisdiction only if the case is properly before it.  Contrary to defendant's argument, the Court cannot decide substantive issues in the case without first determining its subject matter jurisdiction.  Rather, its obligation is to first assure that it even has jurisdiction. (Doc.17: 2).

It is well established that the Court cannot proceed without subject matter jurisdiction and that jurisdiction must be determined as a "threshold matter":

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones*, *supra*, at 453, 20 S. Ct., at 691–692.  The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L.Ed. 462 (1884).

3

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (emphasis added).  Applying

these principles, the Seventh Circuit held that the Court is "obliged" to resolve the challenge to

subject matter jurisdiction before it may proceed in the case:

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction
> over the subject matter of an action before it can proceed to take any action
> respecting the merits of the action. "The requirement that jurisdiction be
> established as a threshold matter 'spring[s] from the nature and limits of the
> judicial power of the United States' and is 'inflexible and without exception.' "
> *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, ——, 118 S. Ct.
> 1003, 1012, 140 L.Ed.2d 210 (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111
> U.S. 379, 382, 4 S. Ct. 510, 511, 28 L.Ed. 462). This Court has elaborated that
> "once the district judge has reason to believe that there is a serious jurisdictional
> issue, he is obliged to resolve it before proceeding to the merits even if the
> defendant, whether as a matter of indolence or strategy, does not press the issue."
> *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986).

*Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (emphasis added).  *See also* 5B Wright &

Miller, FED. PRAC. & PROC. CIV. § 1350 (3d ed.) (a challenge to subject matter jurisdiction

asserts that the Court "has no authority or competence to hear and decide the case before it."

Subject matter jurisdiction is a " 'threshold issue' for every federal case."); 13 Wright & Miller,

FED. PRAC. & PROC. CIV. § 3522 (3d ed.) ("A federal court's entertaining a case that is not within

its subject matter jurisdiction is no mere technical violation; it is nothing less than an

unconstitutional usurpation of state judicial power.  Accordingly, there is a presumption that a

federal court lacks subject matter jurisdiction . . . .").

Critically, defendant does not dispute that the Court's subject matter jurisdiction must be

established as a threshold matter before other matters in the case.  (Doc.17: 2, 4).  It is

indisputable that the Court must satisfy itself of its subject matter jurisdiction before it proceeds

on other matters in the case.  (*Id.*)  Subject matter jurisdiction must be determined immediately,

whether it is raised at the beginning of the case (as here), in the middle of the case, or even on

appeal.  Further, the removal statute must be "narrowly" construed in favor of the plaintiff's

chosen forum, and "[g]enuine doubts about removal" must be resolved in favor of state court jurisdiction.  (Doc.14: 4).  Defendant has the burden of coming forward with evidence to support its assertion of diversity jurisdiction.  (Doc.14: 4-5).

Defendant has not addressed, and cannot overcome, the requirement that the Court must determine subject matter jurisdiction before this case proceeds on other matters.  Indeed, *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010), cited by defendant (Doc.32: 4), notes that a court has an "obligation" to "exercise jurisdiction <u>when a case is properly before it.</u>"  (Emphasis added).  As defendant acknowledges, the Court's duty to press forward and decide substantive issues extends to "issues <u>properly before it</u>."  (Doc.32: 5) (emphasis added).

That begs the question:  is this case properly before <u>this Court</u>?  If it is not, the Court shall not exercise jurisdiction and the case must be sent back to Price County Circuit Court. Defendant does not deny that as the removing party asserting diversity jurisdiction, defendant has the burden of proving the basis for federal jurisdiction now that the issue has been placed in dispute.  (*Id.*)  Nor does defendant dispute that the action must be remanded to state court if the evidence on the issue is equally divided on the disputed diversity issues.  (Doc.17: 2). Nonetheless, in its opposition to the Motion to Stay, defendant does not substantively respond to plaintiff's assertion that this Court lacks subject matter jurisdiction because there is not complete diversity between the parties.  (Doc.17:1-2).

On the Motion to Remand, plaintiff submitted substantial evidence to demonstrate a lack of complete diversity.  (Doc.14); (Doc.15).  Although defendant takes a swipe at one piece of that evidence (Doc.32: 3), defendant does not offer a shred of evidence to refute the showing on the Motion to Remand, even though, as defendant admits, there exists publicly available evidence showing a lack of complete diversity.  (Doc.14: 8-11); (Doc.15); (Doc.15-1-15-17).

5

Defendant's response to the Motion to Remand is due May 28, 2020 and defendant apparently insists upon waiting until then to prove the basis for jurisdiction or perhaps seeks to avoid having to submit non-publicly available evidence altogether.

Because all evidence submitted to date indicates that this Court lacks subject matter jurisdiction, it is improper to require the parties to file briefs on defendant's Motion to Dismiss in this Court.  Plaintiff will respond to the Motion to Dismiss when the proper forum has been determined.  Once the jurisdictional issue has been determined, plaintiff's Complaint will proceed in the proper forum.

II.     **The Cases Cited By Defendant Do Not Stand For The Propositions Asserted And They Support The Requested Stay.**

Defendant ignores the controlling case law that jurisdiction must be decided first "as a threshold matter" and it is the "first and fundamental" question for the Court.  (Doc.17: 2).  Thus, the Motion to Remand must be determined first, before the parties should be required to brief other matters.  Defendant cites no authority holding that a party may be required to litigate a case in a court without jurisdiction and that it can be required to brief substantive matters such as dismissal motions or intervention motions before defendant has carried its burden of proving jurisdiction upon a Motion to Remand filed at the beginning of the case.

Where a challenge to subject matter jurisdiction has been filed, the Court does not have the "discretion" to press forward in the case without first determining its jurisdiction.  (Doc.32: 4).  It is axiomatic that the Court may exercise jurisdiction only if the case is properly before it.  Contrary to defendant's argument, the Court cannot decide substantive issues in the case without first determining its subject matter jurisdiction.  Rather, its obligation is to first assure that it even has jurisdiction.  (Doc.17: 2).  See pages 3 to 5, above.

Thus, the factors cited by defendant for considering a stay necessarily must yield when the question is subject matter jurisdiction.

A.    **The Stay Factors Support The Requested Stay.**

In any event, the cited factors support a stay in these circumstances because:  (1) the case is at an early stage; (2) a stay will not cause prejudice; (3) a stay will simplify and streamline the case; and (4) a stay will reduce the burden on the parties and the Court.  (Doc.32: 4).

First, this case is certainly "at an early stage."  (Doc.32: 4).  Ignoring the procedural posture and the facts of this case, defendant absurdly argues that this case is "not at an early stage."  (Doc.32: 5).  That is of course not true.  This action was filed in state court on April 13, served on April 15, and removed to this Court on April 27.  If the action had not been removed, the answer period would not have expired, as the answer deadline in Wisconsin state court was June 1.  Wis. Stat. § 802.06(1).  The Motion to Dismiss was filed on May 6, the Motion to Remand on May 7, and the Motion to Stay on May 11.  The Motion to Stay was filed less than a month after this action was first filed and within two weeks of removal.

As recognized by the Court in *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-CV-168-WMC, 2010 WL 2079866, at *1 (W.D. Wis. May 19, 2010), a case cited by defendant (Doc.32: 4), "[t]here is no question that . . .  litigation" is in its "early stages" when the stay motion is decided within 51 days of the filing of the action.  In *Hy Cite*, the action was filed on March 29, 2010, a motion for stay was filed on April 20, 2010, and it was decided on May 19, 2010.  Under those circumstances:  "There is no question that this litigation, having begun on March 29, 2010, is in the early stages."  *Hy Cite*, 2010 WL 2079866, at *1.  In contrast, a case is not at an "early stage" if it has been litigated for more than a year.  *Flack v. Wisconsin Dep't of Health Servs.*, No. 18-CV-309-WMC, 2019 WL 2151702, at *1 (W.D. Wis. May 17, 2019) (cited by defendant, Doc.32: 4).  In *Flack*, the Court held a motion to stay was not at an "early stage" because the

case had been litigated for more than a year, "the dispositive motion deadline ha[d] passed, fact and expert discovery [were] well underway, and trial [was] just four months away." (*Id.*)

Second, a stay would not cause any prejudice – indeed, not granting a stay would be prejudicial. None of defendant's cited cases hold that a defendant can require the action to proceed on unrelated substantive matters when the Court's subject matter jurisdiction has been challenged on a motion to remand.[1] It would prejudice the parties and the Court if the action proceeds on those substantive matters when the Court does not have subject matter jurisdiction. Requiring substantive briefing before subject matter jurisdiction is determined puts the cart before the horse, and it would cause the parties and the Court to spend potentially unnecessary time and resources.

The third and fourth factors regarding stay motions are implicated when the stay motion relates to matters other than jurisdiction. They consider whether a stay will simplify the issues and reduce the burden on the parties and the Court. (Doc.32: 4). Certainly, a stay at this juncture will serve judicial efficiency because jurisdiction must be decided before the case proceeds on substantive matters. If there is no jurisdiction, those matters must proceed in state court, not this Court. Further, the briefing of dismissal motions will not be identical as between those two forums. If the case is remanded, a dismissal motion in state court proceeds under Wisconsin state law and its procedural and evidentiary rules. For example, whether materials outside the pleadings may be considered on a motion to dismiss and the standards for judicial notice are determined by Wisconsin law. It would burden the parties to require briefing of the

---

[1] *Doe v. Newman*, No. 6:18-03283-CV-RK, 2018 WL 4571501, at *2 (W.D. Mo. Sept. 24, 2018), cited by defendant (Doc.32: 5, 7), denied a motion to stay where a pending motion to dismiss and motion to remand had a "significantly" "overlap[ping]" issue. That overlapping issue was "whether the equitable garnishment claims are viable or fail due to other available remedies at law." (*Id.*)

In contrast, in this case, the Motion to Remand shares no common issues with the substantive motion to dismiss. As defendant concedes, the issues between those motions "do not intersect." (Doc.32: 6-7).

dismissal motion in this Court before jurisdiction is determined.  If the case is remanded to state court, the briefing in state court will proceed under different procedural and evidentiary rules. The forum therefore must be determined before briefing of the dismissal motion can properly proceed.

B.     **Defendant's Cited Cases Support A Stay.**

Illogically, defendant argues that the briefing of the dismissal motion must go forward at the same time as the jurisdictional motion because the issues on the dismissal motion "do not intersect" with the jurisdictional questions on the Motion to Remand.  (Doc.32: 6-7).  Defendant argues that the ruling on the question of jurisdiction will not affect the determination of the issues raised on the dismissal motion.  (*Id.*)  Defendant argues:  "for this precise reason, courts frequently resolve fully briefed jurisdictional and merits motions at the same time."  (Doc.32: 7) (emphasis added).  For this assertion, defendant cites *Kamtel, Inc. v. Bore Tech Constr., LLC*, No. 16-CV-633-BBC, 2017 WL 532337, at *2 (W.D. Wis. Feb. 9, 2017) and *Valdez v. Metro. Prop. & Cas. Ins. Co.*, No. CIV 11-0507 JB/KBM, 2012 WL 1132408, at *2 (D.N.M. Mar. 21, 2012).

At best, defendant apparently did not read these cases before citing them or, at worst, it disregarded their facts and holdings to misstate the courts' rulings.  In fact, neither *Kamtel* nor *Valdez* involve situations where "fully briefed," "jurisdictional" motions and "merits" motions were filed and decided "at the same time."  In fact, *Kamtel* and *Valdez* support a stay in this case at this time, with the remand motion decided first, before briefs on the other pending motions are required.

Notably, *Valdez* did not involve a court deciding a jurisdictional motion and a merits motion at the same time and the court proceeded in the order advocated by plaintiff in this case. In *Valdez*, the court only required the filing of merits motion responses after the decision on the

remand motion.  In *Valdez*, a motion to remand for lack of jurisdiction was decided before the plaintiff was required to file briefs responding to defendants' motions to dismiss and motion for summary judgment.  The court denied the motion to remand, and then gave plaintiff additional time to file its response briefs on the substantive motions.

The court in *Valdez* denied the motion to stay the substantive motion briefing as "moot" because the remand motion was denied and therefore a stay was unnecessary.  2012 WL 1132408, at *2.  In *Valdez*, motions to dismiss were filed on June 17, 2011 and a motion to remand to state court and a motion to stay were filed on June 24, 2011.  Defendants filed a motion for summary judgment on October 24, 2011.  Immediate briefing on the dismissal and summary judgment motions did not occur while the remand motion was pending.  The court heard the remand and stay motions on March 7, 2012.  On March 19, 2012, the court denied the motion to remand.  In a decision dated March 21, 2012, the stay motion was denied as "moot," and the plaintiff was then given until March 26, 2012 to file its responses to the motions to dismiss, and until April 18, 2012 to file its response to the summary judgment motion.

In this case, the Court similarly should decide the Motion to Remand first, before requiring a response to the motions to dismiss.  Following the lead of the court in *Valdez*, the Court should order briefing so that responses are due a reasonable time after the Court's decision on the Motion to Remand, if that motion is denied.  In *Valdez*, the court afforded plaintiff 30 days after the court's decision to file its response to the summary judgment motion.

Likewise, contrary to defendant's representation, *Kamtel* did not involve "fully briefed jurisdictional and merits motions" decided by the court "at the same time."  (Doc.32: 7).  In *Kamtel*, an action was filed by Kamtel against Bore Tech in the Western District of Wisconsin arising from a contract containing a Wisconsin forum selection clause.  Four months before that action was filed, Bore Tech filed an action under the contract in state court in Harris County,

10

Texas. *Kamtel*, 2017 W.L. 532337.  Kamtel moved for dismissal of that action due to the forum selection clause, which the Texas court denied.  Motions to enjoin the Texas action were filed in each court so the claims could proceed in Wisconsin pursuant to the forum selection clause.  In *Kamtel*, defendant filed a motion to dismiss the Wisconsin action, filing a single brief arguing for dismissal on the grounds of personal jurisdiction, subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6).  The motion argued that the forum selection clause was unenforceable and/or waived.  The Court held that dismissal on 12(b)(6) grounds was waived because it was undeveloped, and merely mentioned in passing in a footnote.  *Kamtel*, 2017 W.L. 532337, at *2. The Court similarly denied the subject matter jurisdiction ground for dismissal because it too was undeveloped.  (*Id.*)  The Court also denied the motion to dismiss on personal jurisdiction grounds.  (*Id.* at *3-*6).  Finally, the Court granted a stay of the action pending the final judgment in the earlier-filed Texas state court action.  *Kamtel*, 2017 W.L. 532337, *1, *6-*8.

Thus, contrary to defendant's assertion, *Kamtel* does not involve a court deciding "fully briefed jurisdictional and merits motions at the same time."  (Doc.32: 7).  *Kamtel* did not have a fully briefed challenge to subject matter jurisdiction or 12(b)(6) motion; it rather involved a single brief arguing for dismissal on the basis of a prior pending action and lack of personal jurisdiction.

*Ereth v. GMRI, Inc.*, No. No. 17-0694-CV-W-FJG, 2017 WL 6316645 (W.D. Mo. Dec. 11, 2017), cited by defendant (Doc.32: 6), also does not support defendant's position.  *Ereth* involved a motion to remand to state court for lack of jurisdiction and a motion to stay proceedings.  There were no substantive motions filed and pending in *Ereth*.  Plaintiff filed motions to remand and to stay on September 15, 2017, and the decision on the remand motion was issued by the court on December 11, 2017.  In *Ereth*, plaintiff objected to participating in a Rule 26(f) conference and submitting a proposed scheduling order by October 30, 2017, the

11

court's deadline.  In its December 11, 2017 decision, the court denied the motion to remand.

With the motion to remand denied, the stay request therefore was effectively moot.  In its

decision, the court denied the motion for stay of the proceedings, holding that a party is not

excused from complying with court deadlines by virtue of a remand motion.  Contrary to

defendant's assertion, the plaintiff in *Ereth* did not seek to "use [a] stay" as an excuse not to

comply with court orders and deadlines.  (Doc.32: 6).  Plaintiff in *Ereth* requested a stay of the

court proceedings while the motion to remand was pending.  It seems that the action was

effectively stayed as the only matter determined was the remand motion and nothing else

proceeded while the remand motion was pending.

All the other cases cited by defendant are irrelevant to the stay motion in this case

because they involve motions for stay in different circumstances, namely:

- Motions for stay based upon another pending action or to await a decision in another court on a related issue of law;[2]

- A motion to stay an action pending the outcome of an administrative agency's promulgation of rules;[3] and

- A motion to stay summary judgment briefing to allow a motion for class certification to proceed first.[4]

---

[2] All the following cases cited by defendant (Doc.32: 4) involve a request for a stay pending a decision in another case:  *Grice*, 691 F. Supp. 2d 915 (request for stay based upon another acting pending); *Hy Cite*, 2010 WL 207986 (request for stay of false marking case based upon decision in another case challenging the constitutionality of the patent marking statute);  *Hogen v. Prof'l Serv. Bureau, Inc.*, No. 16-CV-602-WMC, 2017 WL 5067607 (W.D. Wis. Mar. 9, 2017) (request for stay of action under the Telephone Consumer Protection Act pending decision in an FCC action regarding the TCPA); *Nken v. Holder*, 556 U.S. 418 (2009) (request for stay of removal of individual from United States pending determination of a petition for review in an immigration proceeding).
[3] *Flack v. Wisconsin Dep't of Health Servs.*, No. 18-CV-309-WMC, 2019 WL 2151702, at *1 (W.D. Wis. May 17, 2019) (denying motion to stay).  (Cited at Doc.32: 4).
[4] *Childress v. Experian Info. Servs., Inc.*, No. 1:12-CV-01529-TWP, 2014 WL 1400114, at *1 (S.D. Ind. Apr. 9, 2014) (denying motion to stay, holding that it is for the court to determine whether summary judgment should be determined before class certification).  (Cited at Doc.32: 7).  Defendant also cites

## **CONCLUSION**

The Emergency Motion for Stay should be granted and briefing of the motions to dismiss and motion to intervene should be stayed pending further order of the Court. Plaintiff requests that the Court enter the proposed order (Doc.29-1) regarding the schedule in this action.

Dated this 18th day of May, 2020.

By:

s/Eric M. McLeod_____
Eric M. McLeod
Lane E. Ruhland
Husch Blackwell LLP
P.O. Box 1379
33 East Main Street, Suite 300
Madison, WI 53701-1379
Email: eric.mcleod@huschblackwell.com
Email: lane.ruhland@huschblackwell.com

s/Lisa M. Lawless_____
Lisa M. Lawless
Husch Blackwell LLP
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
Email: lisa.lawless@huschblackwell.com

*Attorneys for Plaintiff Donald J. Trump for President, Inc.*

---

(Doc.32: 6, 8) another case involving a motion to stay summary judgment proceedings, *Bank of Colorado v. Wibaux 1, LLC*, No. 17-CV-02871-CMA-KMT, 2018 WL 2562662 (D. Colo. June 4, 2018).