UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP FOR PRESIDENT, INC.,

      Plaintiff,

  v.

NORTHLAND TELEVISION, LLC, d/b/a WJFW-NBC,

      Defendant.

Case No. 20-cv-00385-WMC

**RESPONSE TO MOTION TO INTERVENE**

Priorities USA Action ("PUSA") has filed a Motion to Intervene in this case brought against Northland Television, LLC d/b/a WJFW-NBC ("defendant"). (Doc.23); (Doc.24). PUSA seeks to intervene pursuant to Fed. R. Civ. P. 24 either by intervention as of right or by permission of the Court.

Plaintiff, Donald J. Trump for President, Inc. ("plaintiff"), has moved to remand this case to state court for lack of subject matter jurisdiction. Plaintiff has submitted substantial evidence showing that there is a lack of complete diversity among the parties. (Doc.13); (Doc.14); (Doc.15); (Docs.15-1—15-17). The removal statute must be narrowly construed in favor of the plaintiff's chosen forum, and genuine doubts about removal must be resolved in favor of state court jurisdiction. (Doc.14: 4). Defendant has the burden of coming forward with evidence to support its assertion of diversity jurisdiction. (Doc.14: 4-5). Defendant's response to the Motion to Remand is due May 28, with the reply due June 8.

Proposed intervenor PUSA filed an opposition to plaintiff's Motion to Stay pending the Court's decision on the Motion to Remand. (Doc.34). In that brief, PUSA suggests that it does not matter whether the Court has subject matter jurisdiction and that the Court can and should

proceed to decide the Motion to Intervene before it decides the Motion to Remand. However, PUSA does not cite a single case holding that the Court can decide an intervention motion when its subject matter jurisdiction is in dispute.

In fact, it cannot. The Court must determine its subject matter jurisdiction before turning to decide other matters. (Doc.17: 2); (Doc.33: 3-5). It is well established that the Court cannot proceed without subject matter jurisdiction and that jurisdiction must be determined as a "threshold matter":

> "<u>Without jurisdiction the court cannot proceed at all in any cause.</u> Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). "On every writ of error or appeal, <u>the first and fundamental question is that of jurisdiction</u>, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones*, *supra*, at 453, 20 S. Ct., at 691–692. <u>The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."</u> *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L.Ed. 462 (1884).

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (emphasis added). Applying these principles, the Seventh Circuit held that the Court is "obliged" to resolve the challenge to subject matter jurisdiction before it may proceed in the case:

> <u>It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.</u> "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' " *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, ——, 118 S. Ct. 1003, 1012, 140 L.Ed.2d 210 (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L.Ed. 462). This Court has elaborated that "<u>once the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits</u> even if the defendant, whether as a matter of indolence or strategy, does not press the issue." *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986).

*Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (emphasis added).[1]

If there is no subject matter jurisdiction, the Court has no authority to rule upon other matters such as PUSA's Motion to Intervene. Accordingly, plaintiff has moved to stay all proceedings in the case until the Motion to Remand is determined. (Doc.14); (Doc.29); (Doc.29-1); (Doc.33). If this case is remanded to state court, then there is no pending case in this Court in which PUSA may intervene. At that time, PUSA may pursue its intervention motion in state court. Such motion would be determined under the Wisconsin procedural rules by a court with subject matter jurisdiction.

Accordingly, plaintiff requests that the Court stay proceedings on the Motion to Intervene pending its decision on the Motion to Remand. If the Motion to Remand is denied, plaintiff will substantively respond to the Motion to Intervene in this Court. In the event such a response is required, plaintiff requests the Court to set the response deadline for a reasonable time period after the decision on the remand motion.

## **CONCLUSION**

Proceedings on PUSA's Motion to Intervene should be stayed pending the Court's decision on the Motion to Remand. The deadline for responses to the Motion to Intervene should be set for a date after that decision, such as seven days.

Dated this 18th day of May, 2020.

---

[1] *See also* 5B Wright & Miller, FED. PRAC. & PROC. CIV. § 1350 (3d ed.) (a challenge to subject matter jurisdiction asserts that the Court "has no authority or competence to hear and decide the case before it." Subject matter jurisdiction is a " 'threshold issue' for every federal case."); 13 Wright & Miller, FED. PRAC. & PROC. CIV. § 3522 (3d ed.) ("A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power. Accordingly, there is a presumption that a federal court lacks subject matter jurisdiction . . . .").

By:

s/Eric M. McLeod
Eric M. McLeod
Lane E. Ruhland
Husch Blackwell LLP
P.O. Box 1379
33 East Main Street, Suite 300
Madison, WI 53701-1379
Email: eric.mcleod@huschblackwell.com
Email: lane.ruhland@huschblackwell.com

s/Lisa M. Lawless
Lisa M. Lawless
Husch Blackwell LLP
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
Email: lisa.lawless@huschblackwell.com

*Attorneys for Plaintiff Donald J. Trump for President, Inc.*