IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP FOR PRESIDENT, INC.,

                   Plaintiff,                  OPINION AND ORDER

v.

                                      20-cv-385-wmc

NORTHLAND TELEVISION, LLC d/b/a
WJFW-NBC,

                   Defendant.

Before the court is plaintiff's motion to stay proceedings pending determination of its motion to remand to state court. (Dkt. #17.) Because plaintiff has not met its burden of showing that the circumstances in this case justify a stay, the court will deny plaintiff's motion. The court will, however, grant plaintiff an extension in responding to proposed intervenor's motion to intervene and strike the pretrial conference currently scheduled for June 11, 2020.[1]

On April 13, 2020, plaintiff Donald J. Trump for President, Inc., filed this lawsuit in Wisconsin state court, following an allegedly defamatory television advertisement broadcast by defendant Northland Television, LLC, d/b/a WJFW-NBC ("WJFW"). (Dkt. #1.) Soon thereafter, defendant removed the action to this court on the basis of diversity jurisdiction, and then moved to dismiss the case. (Dkts. #1, 8.) The court set a briefing schedule on the motion

---

[1] Earlier today, plaintiff submitted a reply brief in support of its motion to stay. (Dkt. #33.) This brief, however, was unsolicited, as the court requested only a response brief from defendant on this motion. (*See* dkt. #17.) Nevertheless, the court has considered plaintiff's reply in deciding whether to grant this motion, although plaintiff's counsel should keep in mind that unbidden filings are generally not welcome and should at minimum be accompanied, if not be proceeded by, a motion for leave to file. Proposed intervenor "Priorities USA Action" also submitted an uninvited a brief in opposition to plaintiff's motion to stay. (Dkt. #34.) But because the court has not determined whether Priorities USA Action is even a proper party in this case (*see* dkt. #23), the court did not consider its brief in deciding this motion.

to dismiss, with plaintiff's response due May 27, 2020, and defendant's reply due June 8, 2020. (Dkt. #8.)

Plaintiff then moved to remand the case back to state court, arguing that the parties are not completely diverse. (Dkt. #13.) The court set defendant's response for May 28, 2020, and plaintiff's reply for June 8, 2020. (Dkt. #13.) The court also scheduled a pretrial conference for June 11, 2020. Plaintiff subsequently filed an "emergency" motion to stay proceedings pending determination of its motion to remand. (Dkt. #17.) The day after plaintiff's emergency motion, third-party Priorities USA Action moved to intervene as a defendant, to which plaintiff was originally given until May 19, 2020, to respond. (Dkt. #23.)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The issuance of a stay "is not a matter of right, even if irreparable injury might otherwise result," rather it requires "an exercise of judicial discretion." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Moreover, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). This court has previously identified four factors that are often considered when deciding a motion to stay:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted).

Here, plaintiff primarily argues that, a stay of the other proceedings is "necessary" because the court must first address the jurisdictional question posed by plaintiff's motion to remand. (Pl.'s Mot to Stay (dkt. #17) ¶ 9; *see also* Pl.'s Reply (dkt. #33) 2-6.) The many cases cited by plaintiff certainly confirm the axiomatic principle that this court must resolve any jurisdictional questions *before* deciding substantive issues. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Orum v. Commissioner of Internal Revenue*, 412 F.3d 819, 821 (7th Cir. 2005); *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). However, these cases in no way prohibit a court from exercising its inherent power to set briefing and manage proceedings while jurisdictional questions are pending. *See Landis*, 299 U.S. at 254.

As to the four *Grice* factors, they cut in both directions at most, and ultimately do not justify a stay of proceedings in this case. Plaintiff is correct that the litigation overall is at an early stage, but the briefing schedules originally set for defendant's motion to dismiss and proposed intervenor's motion to intervene are well underway, and while it appears that a temporary stay would not tactically disadvantage defendant, the court must be mindful of the chilling effect on free speech that can result from drawn-out libel suits. *See Grzelak v. Calumet Publ'g Co.*, 543 F.2d 579, 582 (7th Cir. 1975). More importantly, a stay would not in any way simplify the issues or meaningfully reduce the burden of litigation, since defendant (and apparently the proposed intervenor) intends to pursue its motion to dismiss on the same basic grounds even if the case is remanded back to state court. Finally, since the defendant has alleged at least preliminary grounds for this court to exercise diversity jurisdiction in its removal petition, and plaintiff has not identified definitive evidence undermining those grounds in its initial motion, the balance favors proceeding with the parties' pending motions on a parallel

track.

At bottom, this court has a general duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Here, plaintiff has not met its burden of showing that the circumstances in this case justify a stay, and the court will maintain the briefing schedule currently set for both parties' motions to ensure that this case is kept on schedule. The court will, however, grant plaintiff a short extension to respond to proposed intervenor's motion to intervene; its response brief is now due June 11, 2020. The court will also postpone the pretrial conference currently scheduled for June 11, 2020, to be rescheduled once the motion for remand is resolved.

## ORDER

IT IS ORDERED that:

1) Defendant's emergency motion to stay (dkt. #17) is DENIED. The briefing schedule set for defendant's motion to dismiss (dkt. #8) holds.

2) Plaintiff may now have until June 11, 2020, to respond to proposed intervenor's motion to intervene. (Dkt. #23.) Further, the pretrial conference originally scheduled for June 11, 2020, is STRUCK, to be promptly rescheduled once the pending motions are resolved.

Entered this 18th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge