**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DONALD J. TRUMP FOR PRESIDENT, INC.,

      Plaintiff,

v.

Case No. 20-cv-00385-WMC

NORTHLAND TELEVISION, LLC, d/b/a WJFW-NBC,

      Defendant.

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

**INTRODUCTION**

Defendant's motion to dismiss must be denied. Accepting all allegations of the Complaint as true and drawing all reasonable inferences therefrom in favor of plaintiff, as this Court must, the Complaint states a claim for defamation against the defendant. The defamation at issue in this case is a falsified, manufactured statement contained in a television advertisement broadcast by defendant. Such falsified statement was comprised of audio of candidate Trump's own words at a campaign rally, but such words were synthetically altered to form a sentence that candidate Trump never said:

**The coronavirus, this is their new hoax.**

This false statement is defamatory of the Trump Campaign. Candidate Trump did not make this statement. Yet it was intentionally crafted by Priorities USA ("PUSA") to deceive viewers of the ad into believing he did. The opening of the PUSA ad (as defined below) presents audio of candidate Trump purportedly making this statement by stitching together separate audio clips of his voice saying, from multiple sentences and sources: "the coronavirus," immediately

followed by "this is their new hoax." To ensure the deception is complete and to compound the falsity, the text of the manufactured statement appears on screen at the same time the stitched-together audio clips are played. The text shows these words together as a single sentence, with capital "T" in "the," a comma after "The coronavirus," and a period after "new hoax." Each and every other audio segment in the advertisement is a full sentence accompanied by a textual sentence that matches the audio clips, leading the viewer to believe that at each point in the advertisement, the textual representation is accurate and reflects full and complete sentences.

The PUSA ad's manufactured statement is false because it presents audio and text of a statement by candidate Trump that he never made. This is admitted by defendant. Defendant does not contend that the manufactured statement was uttered by candidate Trump.

The false, manufactured statement is a statement of and concerning the Trump Campaign because it is presented as a statement actually made by candidate Trump at a campaign rally of the Trump Campaign in the midst of his re-election campaign. It defamed the Trump Campaign to falsely state that candidate Trump made the manufactured statement when he didn't. The false, manufactured statement is defamatory of the Trump Campaign because it expresses that candidate Trump proclaimed the coronavirus to be a "hoax." It has a tendency to deter persons from associating with the Trump Campaign. Indeed, the falsified statement has been utilized as a point of attack by opponents of the Trump Campaign, and has a tendency to cause voters to not support or vote for the Trump Campaign's candidate.

The Complaint alleges that WJFW-NBC acted with reckless disregard as to the falsity of the manufactured statement in the PUSA ad. The day after the ad began airing, plaintiff provided WJFW-NBC with detailed information demonstrating the falsity of the manufactured statement, including multiple determinations of falsity by independent third-party fact checkers.

The Trump Campaign sent defendant a cease and desist letter specifically detailing that the manufactured statement was never said by candidate Trump and it falsely represents a statement that he never made. It provided detailed information establishing that third-party independent fact checkers categorically confirmed that the manufactured statement was false. These fact checkers made this analysis weeks before defendant's airing of the ad after pundits inaccurately characterized candidate Trump's words at the campaign rally, in late February, and after an ad released by Joe Biden on March 3rd including the same false, manufactured statement later included in the PUSA ad.

WJFW-NBC therefore had notice and reason to know of the falsity when it first aired the PUSA ad, and it was given substantial evidence of the falsity and a cease and desist demand the next day. Despite overwhelming proof of the falsity, which readily is confirmed by viewing the PUSA ad and the campaign speech from which the clips audio were drawn, defendant chose to continue broadcasting the ad, accepting PUSA's purchase of advertising time, airing the PUSA ad at least 36 more times after notice of falsity.

To dismiss this action at this juncture would be to endorse false manipulation of the news and intentional deception of the public. Defendant invokes the First Amendment repeatedly throughout its brief, seeking safe haven there for the admittedly falsified statement. In fact, defendant will find no solace or protection in the First Amendment. The First Amendment does not protect known lies, and publishing fabricated statements establishes actual malice. Indeed, the falsified advertising statement offends the First Amendment, because it deceives and misleads the public, using technology to create false facts that, through viral distribution, become accepted as true. The technological tools available at everyone's fingertips today allow all persons – professional broadcasters and at-home bloggers alike – to potentially create and

manipulate the news by falsifying audio recordings or manipulating visual images. The danger of falsified audio and video, "deepfakes," is substantial and deepfakes are rapidly polluting our information universe. *See* "What are deepfakes – and how can you spot them?," The Guardian (Jan. 13, 2020) ("The AI firm Deeptrace found 15,000 deepfake videos online in September 2019, a near doubling over nine months."), *available at* https://www.theguardian.com/technology/2020/jan/13/what-are-deepfakes-and-how-can-you-spot-them

For the foregoing reasons, and as more fully discussed below, the Complaint states a claim for defamation against WJFW-NBC upon which relief may be granted. Accordingly, the motion to dismiss must be denied.

## FACTUAL ALLEGATIONS

This case concerns a false and defamatory television advertisement produced by Priorities USA ("the PUSA ad")[1] that was broadcast by defendant Northland Television, LLC d/b/a WJFW-NBC ("defendant" or "WJFW-NBC"), thereby causing material harm to plaintiff Donald J. Trump for President, Inc. ("plaintiff" or the "Trump Campaign"). (Doc.1-2: 4-6, 7-8, 16-18, 19, 20, 23-25); (Compl. ¶¶ 1-4, 9-16, 53-59, 67-68, 73-75, Ex. A). The advertisement, entitled "Exponential Threat," through the use of manufactured and synthetic audio and accompanying subtitles, maliciously puts a false statement into President Trump's mouth: "*The coronavirus, this is their new hoax.*" (Doc.1-2: 4-5, 5-6, 9-10, 18); (Compl. ¶¶ 1, 3, 22-30, 61) (emphasis added). The PUSA ad as broadcast by WJFW-NBC falsely pieced together the separate audio clips "The coronavirus" and "this is their new hoax" to create an audio clip of candidate Trump saying those words all together, as one sentence. (Doc.1-2: 10); (Compl. ¶ 26).

---

[1] WJFW-NBC asserts that the PUSA ad was produced by PUSA. (Doc.9: 11).