IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP FOR PRESIDENT, INC.,

                Plaintiff,                        OPINION AND ORDER

   v.                                                 20-cv-385-wmc

NORTHLAND TELEVISION, LLC d/b/a
WJFW-NBC,

                Defendant,

and

PRIORITIES USA ACTION,

                Intervening Defendant.

     In this action, Donald J. Trump for President, Inc. ("the Trump Campaign") filed suit against Northland Television, LLC d/b/a WJFW-NBC ("WJFW"), over an allegedly defamatory television advertisement. According to plaintiff, the advertisement was broadcast by WJFW and produced by Priorities USA Action ("Priorities"). Priorities subsequently moved to intervene as a defendant in this suit. (Dkt. #23.) Since the Trump Campaign has notified the court that it does not oppose the intervention (dkt. #47), and WJFW has filed no opposition, the court will grant the motion for reasons explained briefly below, as well as establish a briefing schedule for Priorities' motion to dismiss and address plaintiff's purported second complaint filed at docket #48.

     As for the motion to intervene, Priorities has adequately demonstrated entitlement to do so as of right under Federal Rule of Civil Procedure 24(a)(2). (Priorities Br. (dkt. #24) 1.) To intervene as of right, a petitioner must meet four criteria: "(1) timely

application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (quoting *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994)).

Here, Priorities' unopposed motion establishes an adequate prima facie basis for intervention as of right under Rule 24(a)(2). *See Wausau Homes, Inc. v. Menning*, No. 17-CV-129-BBC, 2017 WL 2170256, at *1 (W.D. Wis. May 17, 2017) (granting an unopposed intervention motion where the proposed intervenor "made a prima facie showing to satisfy the standard for mandatory intervention under Rule 24(a)(2)"). First, Priorities' application is timely as it was submitted within a reasonable time -- eight weeks -- after the original complaint was filed, and given the lack of opposition the court finds that the delay did not impose any prejudice on the existing parties. *See Reich*, 64 F.3d at 321 ("The test for timeliness [under Rule 24(a)] is essentially one of reasonableness."); *Wausau Homes, Inc.*, 2017 WL 2170256, at *1 (finding no basis to infer prejudice on existing parties where they did not oppose intervention). As to the second and third factors, the Trump Campaign alleges that Priorities created the advertisement at issue in this case. Accordingly, as Priorities points out, any disposition in favor of plaintiff could result in economic, speech, and reputational harm to Priorities. (Priorities Br. (dkt. #24) 6-7.) These risks are sufficient to establish Priorities' "direct, significant, and legally protectable" interests in the action that could be impaired by a disposition in the case.

*Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 507 (7th Cir. 1996).

Finally, Priorities offers various reasons that its interests are not adequately represented by WJFW in the suit, including that (1) WJFW might seek indemnification from Priorities if found liable and (2) Priorities has different interests as an advocacy organization than WJFW has as a neutral broadcaster. (Priorities Br. (dkt. #24) 18.) At least on this unopposed motion, Priorities has sufficiently shown that WJFW does not adequately represent Priorities' interests in this suit. *See Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010) ("The petitioner should not be forced to rely on the defendant to raise defenses in a case where its own liability is at stake" due to indemnification agreement.); *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978) (finding intervention as of right appropriate where proposed intervenor had similar, but still unique, interests than the existing parties).

Having granted Priorities' intervention motion, the court will now set briefing on its motion to dismiss as set forth in the order below. (Dkt. #25.) The court will also direct the clerk's office to reset the pretrial conference, which the court previously cancelled due to plaintiff's then-pending (but now withdrawn) motion to remand. (*See* dkts. #13, 36, 44). Finally, the court must address the purported "second complaint" filed by the Trump Campaign, in which plaintiff brings a defamation claim directly against Priorities. (Dkt. #48.) Plaintiff, however, may not proceed on *two* separate complaints in the same lawsuit. *See* Fed. R. Civ. Rule 7(a) ("Only these pleadings are allowed . . . *a* complaint.") (emphasis

3

added). Nonetheless, the court will accept plaintiff's filing as a "supplement" to the original complaint and will consider the pending motions to dismiss (dkts. #8, 25) as directed at the allegations in both the original complaint and this new supplement.

ORDER

IT IS ORDERED that:

1) Priorities USA Action's unopposed motion to intervene (dkt. #23) is GRANTED.

2) Priorities USA Action's proposed motion to dismiss (dkt. #25) is now properly before the court. Any brief in opposition is due July 17, 2020; any reply is due July 27, 2020.

3) The clerk of court is directed to reschedule the pretrial conference.

4) Plaintiff's filing at dkt. #48 is accepted as a "supplement" to its complaint.

Entered this 23rd day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge