**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

DONALD J. TRUMP FOR PRESIDENT,
INC.,

      Plaintiff,

  v.

NORTHLAND TELEVISION, LLC, d/b/a
WJFW-NBC,

      Defendant,              Case No. 20-cv-00385-WMC

and

PRIORITIES USA ACTION,

      Intervenor Defendant.

---

**RULE 26(f) JOINT DISCOVERY PLAN AND**
**PRELIMINARY PRETRIAL CONFERENCE REPORT**

---

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences, the parties conferred and submit the following Preliminary Pretrial Conference Report and proposed discovery plan. The initial pretrial conference required under Fed. R. Civ. P. 16 is scheduled for Friday July 24, 2020 at 11:30 a.m. CST. Counsel for plaintiff will arrange the call to the Court at (608) 264-5153.

### Pending Motions to Dismiss

Plaintiff Donald J. Trump for President, Inc. (the "Trump Campaign" or "Plaintiff") filed this action in Price County Circuit Court on April 13, 2020, and Defendant Northland Television, LLC, d/b/a WJFW-NBC ("WJFW") removed the case to this Court on April 27, 2020. (Doc.1). The Complaint was filed with the notice of removal and is found at Doc.1-2: 4. Plaintiff moved to remand the case to state court, but subsequently withdrew that motion. (Doc.13; Doc.44).

WJFW has filed a motion to dismiss the Complaint. (Doc.8.) That motion is fully briefed. (Doc.8; Doc.9; Docs.10-12; Doc.38; Doc.45; Doc.46; Doc.49; Doc.49-1; Doc.50).

Intervenor Defendant Priorities USA Action ("PUSA") moved to intervene in this action on May 12, 2020. (Doc.23). PUSA also filed a motion to dismiss the Complaint. (Doc.25; Doc.26; Doc.27). On June 11, 2020, the Trump Campaign filed notice stating it has no objection to the intervention. (Doc.47). On June 18, 2020, the Trump Campaign filed a complaint asserting a claim for relief against PUSA. (Doc.48). On June 23, 2020, the Court granted PUSA's motion to intervene and accepted Plaintiff's Complaint against PUSA as a supplement to the original Complaint and stated that it will consider the pending motions to dismiss as directed at allegations in both the original Complaint and the supplement. (Doc.51: 4). The response to PUSA's motion to dismiss is due July 17, 2020 and the reply is due July 27, 2020. (Doc.51: 4).

### A.     Discovery Plan and Proposed Case Schedule

As stated in the Standing Order Governing Preliminary Pretrial Conferences, discovery is stayed "until 12 weeks after the reply brief is filed or until the court rules on the motion, whichever comes first," and "The Court will extend the rest of the schedule commensurately."

On WJFW's motion to dismiss, the reply brief was filed June 8. Plaintiff filed a motion for leave to file a sur-reply, along with a proposed sur-reply, on June 19, and WJFW filed an opposition that same day. The expiration of 12 weeks from the WJFW reply brief is August 31, 2020. On PUSA's motion to dismiss, the reply brief is due July 27, 2020 and the 12-week period expires on October 19, 2020. The parties agree and jointly request that, given the multiple motions to dismiss, the Court should stay discovery for all parties until 12 weeks after PUSA's reply brief is filed – i.e., October 19, 2020 – or until the Court rules on both motions, whichever comes first.

The parties further agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) shall be served within 30 days of the expiration of the stay of discovery, and that further discovery may commence upon service by all parties of initial disclosures.

The parties propose the following case schedule:

- Trial in December 2021.
- Discovery cut-off six weeks before trial.
- Dispositive motion filing deadline: June 1, 2021.

**B.     Modifications to Limitations on Discovery Imposed by the Federal Rules.**

No changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules. All claims of privilege or protection as trial preparation material must comply with the Federal Rules of Civil Procedure, including the obligation to meet and confer regarding any disputes.

## OTHER INFORMATION REQUESTED IN STANDING ORDER

**1.     Nature of the Case.**

In this action, the Trump Campaign asserts a claim for defamation against WJFW and PUSA. Plaintiff's defamation claim is premised upon political advertisements sponsored and produced by PUSA that were broadcast on WJFW in March and April 2020. Specifically, the Trump Campaign asserts that PUSA's ads are false and defamatory because they depict, through audio and textual means, the Trump Campaign's candidate (i.e., President Donald J. Trump) stating: "The coronavirus, this is their new hoax." Plaintiff alleges that this statement was never in fact uttered by the candidate and is false and defamatory of the Trump Campaign. Further, the Trump Campaign alleges that WJFW and PUSA each acted with knowledge or reckless disregard of falsity in broadcasting the PUSA ads.

WJFW and PUSA moved to dismiss this defamation claim under Fed. R. Civ. P. 12(b)(6). WJFW argues that (1) the challenged ads are not "of and concerning" the Plaintiff, the Trump Campaign, but rather are attributed directly to President Trump; (2) the ads are not defamatory as a matter of Wisconsin law; (3) the ads are nonactionable expressions of opinion; (4) the ads, if capable of verification, are substantially true; and (5) Plaintiff has not plausibly alleged, and cannot plausibly allege, that WJFW broadcast the ads with the First Amendment "actual malice" level of fault, which Plaintiff must plead and prove as a public figure.

PUSA argues that (1) the Trump Campaign does not have standing under Article III or Wisconsin defamation law to assert this claim; (2) the challenged statement is core political speech protected by the First Amendment; (3) the ads, which use President Trump's own words and are substantially true, cannot be provably false; and (4) Plaintiff cannot plausibly allege actual malice as a matter of law.

The Trump Campaign disagrees with these arguments as set forth in its opposition to WJFW's motion to dismiss, and as will be set forth in its opposition to PUSA's motion to dismiss. The Trump Campaign argues that the Complaint and the supplement state claims for defamation upon which relief can be granted against WJFW and against PUSA and the action should proceed.

**2.  Related Cases.**

There are no pending related cases.

**3.  Factual and Legal Issues.**

**a.  Plaintiff's Statement of the Issues of the Case**

As posited by the Trump Campaign, the factual and legal issues potentially raised by this case include the following questions arising from the following sentence communicated by audio and visual means in the PUSA ads: "The coronavirus, this is their new hoax."

    a.    Is the referenced sentence "of and concerning" the Trump Campaign?

    b.    Is the referenced sentence defamatory of the Trump Campaign?

    c.    Is the referenced sentence false?

    d.    Did WJFW act with knowledge of or reckless disregard of the falsity of the referenced sentence in distributing, publishing, and/or broadcasting the PUSA ads?

    e.    Did PUSA act with knowledge of or reckless disregard of the falsity of the referenced sentence in distributing, publishing, and/or broadcasting the PUSA ads?

    f.    Determination of damages to the Trump Campaign from the false and defamatory referenced sentence.

### b. Defendants' Statement of the Issues of the Case

As posited by Defendants WJFW and PUSA, the factual and legal issues potentially raised by this case include:

    a.    Does the Trump Campaign have standing to bring a defamation claim based on the challenged statement in PUSA's ads?

    b.    Do the ads communicate an assertion of fact or an expression of opinion?

    c.    If the ads communicate an assertion of fact, is it false?

    d.    If the ads communicate a falsehood, is it defamatory?

    e.    If the ads communicate a defamatory falsehood, is it "of and concerning" the Trump Campaign?

    f.    If the ads communicate a defamatory falsehood concerning the Trump Campaign, did WJFW broadcast that falsehood with the "actual malice" level of fault?

    g.    If the ads communicate a defamatory falsehood concerning the Trump Campaign, did PUSA distribute, publish, or broadcast that falsehood with the "actual malice" level of fault?

  h.  If a defamatory falsehood concerning the Trump Campaign was communicated with the "actual malice" level of fault, what if any damage did it cause?

**4.**  **Amendment of Pleadings**

  No amendments are anticipated at this time.

**5.**  **New Parties.**

  No additional parties are anticipated.

**6.**  **Length of Trial.**

  The parties estimate a trial of five days including jury selection.

**7.**  **Other Considerations.**

  a.  **Settlement Discussion/ADR Plans:**

  No settlement discussions have occurred at this time. The parties believe that this case is not amenable to mediation.

  b.  **Electronic Service.**

  The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

  c.  **Electronic Copies.**

  The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form, that produced documents are bates-numbered, and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

  d.  **Electronically Stored Information ("ESI")**

  The parties are unaware of any issues related to disclosure of discovery of ESI. The parties will discuss whether ESI should be produced in its native form if the need arises.

      **e.**      **Protective Order.**

If confidential information is requested in discovery or anticipated to be produced in discovery, the parties will promptly seek from the Court the entry of a protective order governing confidential information, in a form agreed by the parties.

      **f.**      **Other Matter Which The Court Should Take Into Account**

During the preliminary conference among counsel, WJFW's counsel informed Plaintiff's counsel that, if this case were to go into discovery, WJFW would anticipate requesting third-party discovery from a number of federal officials with knowledge of the government's policies and pronouncements regarding the novel Coronavirus, including but not limited to President Trump, Vice President Pence, White House Coronavirus Response Coordinator Dr. Deborah Birx, National Institute of Allergy and Infectious Diseases Director Dr. Anthony Fauci, Secretary of Health and Human Services Alex Azar, Centers for Disease Control and Prevention Director Dr. Robert Redfield, and Assistant to the President Peter Navarro.  WJFW's counsel inquired whether the Plaintiff may invoke privilege claims that would require resolution by the Court.

The Trump Campaign's position is that this information is not relevant to the issues raised by the Complaint, the supplement, or Defendants' asserted defenses and that such discovery is not proportional to the needs of the case, considering the factors set forth in Fed. R. Civ. P. 26(b)(1).  The Trump Campaign additionally reserves and will assert at the appropriate time all applicable objections in response to such discovery, and would note that other parties who may be subpoenaed to provide evidence have and may assert various other objections including, but not limited to, executive privilege.

Dated this 9th day of July, 2020.

By:     HUSCH BLACKWELL LLP

*s/ Eric M. McLeod*_____
Eric M. McLeod
Lane E. Ruhland
P.O. Box 1379
33 East Main Street, Suite 300
Madison, WI 53701-1379
Phone: 608-255-4440
Fax:     608-258-7138
Email: eric.mcleod@huschblackwell.com
Email: lane.ruhland@huschblackwell.com

*s/ Lisa M. Lawless*_____
Lisa M. Lawless
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
Phone: 414-273-2100
Fax:     414-223-5000
Email: lisa.lawless@huschblackwell.com

*Attorneys for Plaintiff Donald J. Trump for President, Inc.*


GODFREY & KAHN S.C.

*s/ Brady C. Williamson*_____ .
Brady C. Williamson
Mike B. Wittenwyler
One East Main Street, Suite 500
Madison, WI 53703-3300
Phone: 608-257-3911
Fax:     608-257-0609
Email: bwilliam@gklaw.com
Email: mwittenwyler@gklaw.com


BALLARD SPAHR LLP

Charles D. Tobin
(admitted *pro hac vice*)
Al-Amyn Sumar
(admitted *pro hac vice*)
Maxwell S. Mishkin

8

(pro hac vice to be filed)
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Phone:  202-661-2218
Fax:     202-661-2299
Email:  tobinc@ballardspahr.com
Email:  sumara@ballardspahr.com
Email:  mishkinm@ballardspahr.com

Ashley I. Kissinger
(admitted *pro hac vice*)
1225 17th Street, Suite 2300
Denver, CO  80202
Phone: 303-376-2407
Fax:     303-296-3956
Email:  kissingera@ballardspahr.com

*Counsel for Defendant Northland Television, LLC d/b/a WJFW-NBC*


PERKINS COIE LLP

s/ *David L. Anstaett*
David L. Anstaett
Brandon M Lewis
Sopen B. Shah
33 East Main Street, Suite 201
Madison, WI  53703
Phone:  608-663-7460
Fax:     608-663-7499
Email:  DAnstaett@perkinscoie.com
Email:  BLewis@perkinscoie.com
Email:  SShah@perkinscoie.com

Marc E. Elias
Ezra W. Reese (*pro hac vice* pending)
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005-3960
Phone:  202-654-6200
Fax:     202-654-6211
Email:  MElias@perkinscoie.com
Email:  Ereese@perkinscoie.com

Gillian Kuhlmann (*pro hac vice* pending)
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

9

    Phone:  310-788-9900
    Fax:    310-788-3399
    Email:  GKuhlmann@perkinscoie.com

*Attorneys for Intervenor-Defendant
Priorities USA Action*