IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**NORTHLAND TELEVISION, LLC**<br>**d/b/a WJFW-NBC,**<br><br>  Defendant,<br><br>  and<br><br>**PRIORITIES USA ACTION,**<br><br>  Intervenor Defendant. | Civil No.: 3:20-cv-00385-wmc |

**DEFENDANT NORTHLAND TELEVISION, LLC'S**
**SUPPLEMENTAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)**
**FOR LACK OF STANDING**

Defendant Northland Television, LLC d/b/a WJFW-NBC ("WJFW") respectfully submits this Supplemental Motion to Dismiss Plaintiff's Complaint.

This case began when President Donald Trump repeatedly used the word "hoax" to discuss the COVID-19 pandemic, and it ends with him repeatedly using the word "hoax" to describe his defeat at the ballot box.[1] With the election now decided against him, the Trump Campaign's work has ended, and so should this defamation lawsuit. As explained below, in addition to the grounds set forth in WJFW's pending Motion to Dismiss for failure to state a

---

[1] *See, e.g.*, Donald J. Trump, Twitter (Nov. 8, 2020), https://twitter.com/realDonaldTrump/status/1325563462433509376 ("Watch @marklevinshow at 8:00 P.M.  Will discuss the Mail-In Ballot Hoax!").

1

claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the results of the 2020 presidential election provide a new and independent basis to dismiss the Complaint under Rule 12(b)(1). His campaign lost both Wisconsin's 10 electoral votes and the presidency. Plaintiff Donald J. Trump for President, Inc. (the "Trump Campaign Committee" or the "Committee") now lacks standing to maintain this suit, as it no longer may claim a redressable "injury," as Article III of the United States Constitution requires, sufficient to sustain this claim.

## BRIEF BACKGROUND AND PROCEDURAL HISTORY[2]

This defamation lawsuit arises out of a presidential campaign advertisement, which WJFW began airing in March 2020, about President Trump's fatal mishandling of the COVID-19 pandemic. Dkt 1-2 ("Compl.") ¶ 22. The 30-second message contains a montage of President Trump's own words, including his characterization of COVID-19 as a "new hoax." *Id.* That statement came from a speech that President Trump gave on February 28, 2020, the day before the CDC announced the first death in the United States officially due to COVID-19. *See President Trump Campaign Event in North Charleston, South Carolina*, C-SPAN (Feb. 28, 2020), https://cs.pn/3c5rVbI; *CDC, Washington State Report First COVID-19 Death*, CDC (Feb. 29, 2020), https://www.cdc.gov/media/releases/2020/s0229-COVID-19-first-death.html.

The Committee filed suit against WJFW in the Circuit Court for Price County on April 13, 2020, and WJFW removed the case to this Court on April 27, 2020. *See* Notice of Removal ¶¶ 1-2, Dkt. 1. The Complaint alleges that the challenged advertisement defamed the Trump Campaign Committee by misrepresenting President Trump's "hoax" comment at the February 28 rally. Compl. ¶ 30. The Committee asserts that the ad was intended to "impede the purpose and

---

[2] A more detailed factual background can be found in WJFW's Memorandum in Support of its

2

goal of the Trump Campaign" – *i.e.*, the reelection of President Trump – and that it harmed the Committee by "causing [people] not to vote for its candidate for reelection." *Id.* ¶¶ 54-55.

As discussed in detail in WJFW's prior briefing, though the advertisement contains no reference, implicit or explicit, to President Trump's campaign organization, the Committee is the sole plaintiff in this action, acting as the "authorized committee of presidential candidate Donald J. Trump." Compl. ¶ 4. President Trump himself is not a party in this case – whether he is in office or out of office.

On May 6, 2020, WJFW moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. *See* Dkt. 8. The Committee opposed WJFW's motion, and in June 2020 – when the death toll from COVID-19 in the United States had reached six figures – WJFW filed its reply, observing that ultimately "President Trump and former Vice President Biden will ask voters to decide, among other things, whether the President's administration could have done more to mitigate the deaths and infections of so many people." *See* Reply at 1, Dkt. 45. Last week, with the death toll in the United States at 230,000 and climbing, Wisconsin voters made that decision and defeated President Trump. *See* Jonathan Lemire et al., *Biden defeats Trump for White House, says 'time to heal'*, Associated Press (Nov. 8, 2020), https://apnews.com/article/joe-biden-wins-white-house-ap-fd58df73aa677acb74fce2a69adb71f9. Joseph R. Biden will be sworn in as the 46th President of the United States on January 20, 2021. *See* U.S. Const. Amend. XX § 1.

While WJFW's Rule 12(b)(6) Motion remains pending, and should be granted for all the reasons set out in the briefing already before this Court, the conclusion of the 2020 presidential

---

Motion to Dismiss, *see* Dkt. 9 at 2-7, which WJFW hereby incorporates by reference.

election means that the Complaint now fails under Rule 12(b)(1) for the separate and even more fundamental reason that the Committee lacks standing to maintain this action, and this Court consequently lacks subject-matter jurisdiction. This suit no longer presents a live controversy because no decision of this Court, however favorable, could redress the "injury" that the challenged advertisement allegedly inflicted on the Committee.

## ARGUMENT

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright,* 468 U.S. 737, 750 (1984). "The several doctrines that have grown up to elaborate that requirement are founded in concern about the proper – and properly limited – role of the courts in a democratic society," and the principle that "requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important of these doctrines." *Id.* Without standing, the Committee can no longer maintain this action.

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations and internal marks omitted). Addressing the third element, the Supreme Court has explained that "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (remanding with instructions to dismiss complaint for lack of standing based on redressability).

Applying these principles, the Seventh Circuit squarely held in *Plotkin v. Ryan* that redressability is lacking where, as here, an alleged injury amounts to defeat at the ballot box, because federal courts simply cannot remedy such alleged harm.  239 F.3d 882 (7th Cir. 2001). There, plaintiffs alleged that during Illinois Secretary of State George Ryan's 1998 campaign for governor, employees of his agency "were forced to engage in work for Ryan's campaign, often during regular work hours," and that they "had been taking bribes to issue commercial drivers' licenses to unqualified applicants in order to meet campaign fundraising requirements imposed on them by [other] employees of the Secretary of State's Office in connection with Ryan's gubernatorial campaign."  *Id.* at 883.  Plaintiffs claimed that they were injured by this allegedly "illegal conduct" because it purportedly "skewed the election results in favor of George Ryan and, in the process, diluted the impact of their votes."  *Id.* at 884.  Plaintiffs sought, *inter alia*, injunctive relief and money damages.  *Id.* at 883.

The Seventh Circuit affirmed dismissal for lack of standing.  It concluded that plaintiffs failed to carry their burden on redressability because the court "cannot have the results of [the election] set aside," and because none of the financial and injunctive relief plaintiffs sought "would likely remedy [their] alleged injury-in-fact."  *Id.* at 885.  Indeed, the court stated that "[n]o case has gone so far as we are asked to go by plaintiffs in this case, and we are not free to do so," and it observed that if "the requirements of standing [were] compromised as suggested in this suit, it would no longer be a useful jurisdictional concept."  *Id.* at 885-86.

The Trump Campaign Committee cannot carry its burden on redressability here for precisely the same reason.  The Committee claims that the challenged advertisement injured it because it was "causing [people] not to vote for [President Trump]."  *See* Compl. ¶¶ 54-55.

5

President Trump has lost his bid for reelection, and this Court can neither set those results aside nor recast the election results. Moreover, the money damages that the Committee seeks also would not "likely remedy" their alleged injury. The Supreme Court has made it clear that the "psychic satisfaction" of winning a lawsuit alone – the only possible motive for the Trump Campaign Committee to continue with this litigation – "is not an acceptable Article III remedy." *Steel Co.*, 523 U.S. at 107; *see also Plotkin*, 239 F.3d at 886 ("good intentions are not enough for federal standing"). The Committee's alleged injury is now beyond the judicial system's power to remedy, and as a result the Committee lacks standing to maintain this action.

In the absence of a redressable "injury," this lawsuit no longer presents an actual "case or controversy" under Article III. The Court therefore should grant WJFW's Supplemental Motion and dismiss this action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, WJFW respectfully requests that the Court dismiss the Trump Campaign Committee's Complaint with prejudice.

Dated: November 9, 2020

BALLARD SPAHR LLP

Charles D. Tobin
(admitted *pro hac vice*)
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Phone: (202) 661-2218
Fax:    (202) 661-2299
tobinc@ballardspahr.com

Ashley I. Kissinger
(admitted *pro hac vice*)
1225 17th Street, Suite 2300
Denver, CO  80202

Respectfully submitted,

GODFREY & KAHN S.C.

 *s/ Brady Williamson*
Brady C. Williamson
Mike B. Wittenwyler
bwilliam@gklaw.com
mwittenwyler@gklaw.com
One East Main Street, Suite 500
Madison, WI 53703-3300
Phone: (608) 257-3911
Fax:    (608) 257-0609

Phone: (303) 376-2407
Fax:    (303) 296-3956
kissingera@ballardspahr.com

*Counsel for Defendant Northland Television, LLC d/b/a WJFW-NBC*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this date, I caused the foregoing Supplemental Motion to Dismiss Plaintiff's Complaint with Prejudice to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated: November 9, 2020          *s/ Brady Williamson*
                    Brady Williamson